(No. 3662— )

CHARLES W. DUTTON, Claimant, *vs.* STATE OF ILLINOIS,
Respondent.

*Opinion filed November 12, 1946.*

HAROLD TUNNELL, for claimant.

GEORGE F. BARRETT, Attorney General,. M. F. MILNE
and C. ARTHUR NEBEL, Assistant Attorneys General of
counsel, for respondent.

DAMRON, J.

In 1939 General John G. Garrity was superintendent
of the Department of Veterans Grave Registration of the
State of Illinois. During that year he employed the
claimant, Charles W. Dutton, to erect government issue
head stones of war veterans in cemeteries in certain

counties of this State. This employment of the claimant was authorized under Chapter 21, Paragraph 59a, Illinois Revised Statutes 1939, which provided for the erection of head stones at the graves of soldiers and sailors of the Army of the United States. Appropriations by the 61st General Assembly to the bureau of War Veteran's Graves Administration included the sum of $20,000 "for transportation and setting of stones."

The record discloses that this claimant performed services for General Garrity and he claims he re-set and repaired a number of head stones at the graves of veterans which during the lifetime of General Garrity was paid through the office of the Adjutant General.

On August 10, 1940, General Garrity died, thereby creating a vacancy in the office of Adjutant General. The record discloses that the claimant, however, continued to re-set stones thereafter and with one exception all the work done by this claimant was re-setting old stones.

He makes a claim for this work for $471.80.

This Court has heretofore held that where one renders services to the State, on the order of one authorized to contract for same, and submits a bill in the correct amount within a reasonable time, and due to no fault or negligence on his part, same is not approved and vouchered for payment *before lapse of appropriation* from which it is payable, an award may be made for the value thereof where at the time same was furnished there was sufficient funds remaining therein to pay same. *Sheppley* vs. *State,* 14 C. C. R. 204; *Catholic Bishop of Chicago, et al* vs. *State,* 12 C. C. R. 440; *Rock Island Sand and Gravel Company,* 8 C. C. R. 165; *Oak Park Hospital Incorporated* vs. *State,* 11 C. C. R. 219.

The authority of this Court to pay a claim such as this must come from the General Assembly. Without a

specific appropriation for the payment of services such as was rendered by this claimant this Court is without jurisdiction. An appropriation for the services rendered is a condition precedent to an award.

Here it must be noted that the appropriation of the 61st General Assembly to the bureau of War Veterans Graves Administration was for transportation and setting of head stones only. There was no appropriation made to the bureau to pay for work of re-setting other stones which were already in place or for placing "collars" around certain stones which had previously been set.

The claimant admits that he was never an employee of the State and while it is true he might be designated an independent contractor yet it is also true that General Garrity did not have the statutory authority to employ this claimant to do anything other than the setting of new stones. He had no legal right to employ anyone to maintain, repair or re-set stones which had been placed at the heads of veterans graves under the authority of the General Assembly.

Claimant, while admitting he was not an employee of the respondent, nevertheless says that when one furnishes material or labor for another, unless there are circumstances showing a different intention on the part of the parties in the transaction, the law will raise an implied contract that the recipient of labor or materials will pay the fair, reasonable value of the same.

We agree that doctrine has been upheld in the cases cited by the claimant, but here we find the respondent is a sovereign State and this doctrine does not apply.

For the reasons assigned this claim must be denied.

Award denied.